```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

HAROLD WAYNE ELLER, SR.          :
                                 :
v.                               :    Civil No.  WMN-07-164
                                 :
WILBUR B. BOLTON, III et al.     :
```

**MEMORANDUM**

Before the Court is the Motion for Judgment as to the counterclaim and crossclaim of interpleader filed by Defendant Robert G. Preston Excavating Co., Inc. Profit Sharing Plan (the Plan). Paper No. 15. Each party has responded to the motion which is now ripe for decision. Upon review of the pleadings and the applicable case law, the Court finds that no hearing is necessary, and that the Plan's motion for judgment will be granted.

This motion arises from the Complaint of Plaintiff Harold Wayne Eller, Sr. seeking declaratory relief as to the enforceability of an amended qualified domestic relations order (QDRO) under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq. Defendant Bolton is the personal representative of the estate of Plaintiff's now deceased ex-wife, Virginia Ellers. The Plan is a qualified profit sharing plan created and operated under the requirements of ERISA.

The Ellers divorced in March of 2001 and their judgment of divorce provided Mrs. Eller with a share of benefits from the Plan in accordance with a consented to QDRO. Mrs. Eller died in September of 2001, never having received any payments from the

Plan.  In January of 2002, the Plan filed an interpleader action and this Court held that Mrs. Eller's estate was not entitled to any unpaid benefits under the existing QDRO.  Civ. No. WMN-02-0077, Mem. & Order date Sept. 23, 2002.

In March of 2004, Mrs. Eller's estate re-opened the divorce proceedings in the Circuit Court for Harford County, Maryland, and, in August of 2006, that Court issued an amended QDRO.  The amended QDRO instructs the Plan Administrator to pay all amounts due to the estate of Mrs. Eller.  See Am. QDRO ¶ 6.  The Plan received the amended QDRO on February 16, 2007, however, due to the conflicting allegations of Plaintiff and Defendant Estate, the Plan has been unable to determine how to disburse the relevant portion of the account balance.  As such, the Plan filed a counter-claim and cross-claim, pursuant to 28 U.S.C. § 1335 and 29 U.S.C. § 1132(e).

In the instant motion, the Plan requests that the Court waive the filing of a bond in lieu of payment into the registry of the Court, that the Plaintiff and Defendant Estate be required to interplead as to who is the correct recipient of the QDRO portion at issue, that Plaintiff and Defendant Estate be enjoined from bringing any other action involving the QDRO portion pending a judicial determination as to who is the correct recipient of the portion, that the Court permanently discharge the Plan from all liability to Plaintiff and Defendant Estate subject to the Plan's proper discharge of its fiduciary duty to pay the correct

portion of the QDRO to the proper recipient, and that the Plan recover reasonable attorneys' fees and costs.

Neither Plaintiff nor Defendant Estate object to the Plan's requests for waiver of the filing of a bond into the registry of the Court and for permanent discharge of the Plan from liability subject to the Plan's payment of the proper QDRO portion to the ultimately adjudicated recipients.

With respect to the Plan's request for interpleader, Defendant Estate proposes that, rather than submitting separate pleadings, Plaintiff's Complaint and the Answers thereto be treated as satisfying the interpleading requirements of Rule 22 of the Federal Rules of Civil Procedure.[1]  Estate's Resp. to Mot. for J. ¶ 4.  "Interpleader, whether statutory or under Rule 22 . . . affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding."  7 Wright, Miller & Kane, Federal Practice and Procedure § 1704 (3d ed. 2001). Here, the Plan has expressed a legitimate concern of multiple actions directed against a single fund and, as such, interpleader is appropriate.  Id.  Neither the Plan nor Plaintiff object to Defendant Estate's proposal, thus, the Court will grant the Plan's request for interpleader and will accept Plaintiff's

---

[1] Rule 22(1) provides, in part, that "[p]ersons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." Fed. R. Civ. P. 22(1).

Complaint and Defendant Estate's Answer in satisfaction of the interpleader requirements.

With respect to the Plan's request for an injunction, Defendant Estate contends that, because future litigation is not contemplated or likely, an injunction at this stage in the litigation is unnecessary.  Plaintiff has no objection to the entry of an injunction.  The Plan contends that the proposed injunction is required to prevent the parties from burdening the Plan with unnecessary fees and expenses.  The Plan's proposed injunctive language would prevent Plaintiff and Defendant Estate from "bringing or prosecuting any other action involving the Defendant Plan or the QDRO Portion or as to who is the correct recipient thereof pending a judicial determination as to who is the correct recipient."  Proposed Order of Interpleader ¶ 3.  The Court finds that the proposed language is sufficiently narrow and would properly protect the Plan from burdensome litigation pending a future order of this Court.

Finally, Defendant Estate has proposed postponement of the resolution of the issue of attorneys' fees until the conclusion of the litigation.  Neither the Plan nor Plaintiff have objected to this request and, as such, the Court will refrain from determining the issue at this time.

For these reasons, Defendant's motion for judgment as to its counterclaim and crossclaim of interpleader will be granted.  A separate order consistent with the reasoning of this Memorandum will follow.

                                                                  _____/s/_____

                                                William M. Nickerson
                                                Senior United States District Judge

Dated: July 24, 2007